Filed 3/10/26  P. v. Delgado CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B337967 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. VA148234 |
| IVAN DELGADO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Andrew C. Kim, Judge.  Affirmed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Stacy Schwartz and Colleen M. Tiedemann, Deputy Attorneys General, for Plaintiff and Respondent.

After a preliminary hearing, appellant Ivan Delgado pleaded no contest to attempted murder (Pen. Code,[1] §§ 664, 187 subd. (a)) and admitted that he personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)). Delgado subsequently filed a petition in the trial court under section 1172.6, which provides relief for certain individuals convicted of attempted murder under the natural and probable consequences doctrine. The trial court denied the petition based on testimony at the preliminary hearing.

On appeal, Delgado argues that the trial court erroneously relied on hearsay testimony at the preliminary hearing in determining that he is prima facie ineligible for relief under section 1172.6, subdivision (c). We reject this argument and affirm.

## BACKGROUND

At Delgado's preliminary hearing, the victim of the attempted murder did not testify, but an investigating officer testified that he interviewed the victim, who informed him that Delgado asked him "where are you from," then fired several gunshots at him, and one shot hit him in the arm.[2] In 2019, after the preliminary hearing, Delgado pled no contest to the attempted murder charge. The trial court then convicted Delgado and sentenced him to 12 years in state prison.

---

[1] All undesignated statutory references are to the Penal Code.

[2] The officer testified that "where are you from?" is a typical challenge issued by gang members before shooting at someone to place rival gang members or the general community in fear.

In 2023, Delgado filed a petition in the trial court under section 1172.6, seeking to vacate his attempted murder conviction on the ground it was based on the natural and probable consequences doctrine. (See § 1172.6, subd. (a).) When a defendant files a petition pursuant to section 1172.6, the trial court determines whether the petitioner has made a prima facie case for relief under section 1172.6, subdivision (c). If the court determines that such a showing has been made, the court holds an evidentiary hearing pursuant to section 1172.6, subdivision (d).

In 2024, the trial court denied Delgado section 1172.6 relief, explaining the preliminary hearing transcript supported the finding that, as a matter of law, Delgado pleaded no contest to attempted murder under the still-valid theory that he was the direct perpetrator. The court thus concluded that Delgado's record of conviction made him prima facie ineligible for relief under section 1172.6, subdivision (c), obviating the need for an evidentiary hearing under subdivision (d).

When the trial court issued its ruling denying Delgado relief, our Supreme Court had not yet decided *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*). *Patton* holds that a trial court may properly rely on uncontroverted evidence in a preliminary hearing transcript to refute conclusory allegations in determining whether a petitioner has stated a prima facie entitlement to relief under section 1172.6. (*Patton*, at p. 564.)

## DISCUSSION

The investigating officer's testimony at the preliminary hearing was admissible under section 872, subdivision (b) which provides, in pertinent part: "Notwithstanding Section 1200 of the Evidence Code, the finding of probable cause may be based in

3

whole or in part upon the sworn testimony of a law enforcement officer or honorably retired law enforcement officer relating the statements of declarants made out of court offered for the truth of the matter asserted . . . ." Section 1172.6, subdivision (d)(3), however, provides that at a subdivision (d) hearing, "hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule."

Delgado's appeal raises the following issue of law: In deciding whether a defendant is prima facie ineligible for relief under section 1172.6, subdivision (c), can the trial court rely on hearsay testimony that was admitted at the defendant's preliminary hearing pursuant to section 872, subdivision (b)?

Our Supreme Court recognized this issue in *Patton* but determined it was unnecessary to address it in that case. (See *Patton*, *supra*, 17 Cal.5th at p. 557, fn. 2.) It does not appear that the parties below or the trial court addressed the question of whether any of the testimony adduced at the preliminary hearing constituted inadmissible hearsay that the trial court could not properly rely on to deny Delgado relief under section 1172.6, subdivision (c).

Shortly after this appeal was submitted, our colleagues in Division Eight squarely addressed the legal issue presented here when they decided *People v. Rodriguez* (2026) 117 Cal.App.5th 1179 (*Rodriguez*).[3] Applying *Patton*, *Rodriguez* held that hearsay

---

[3]     Immediately after Division Eight filed *Rodriguez*, we vacated submission of this appeal and asked the parties to submit letter briefs addressing the applicability of *Rodriguez*. We have considered those briefs.

4

testimony by a police officer at a preliminary hearing could support a trial court's finding that the petitioner did not make a prima facie case under section 1172.6, subdivision (c).  (See *Rodriguez*, *supra*, at p. 1193.)

The *Rodriguez* court reasoned that "[u]sing preliminary hearing transcripts at the prima facie stage of the resentencing process to determine the theory under which the petitioner was convicted is not impermissible judicial factfinding because the court is not 'resolving a contested factual dispute' but looking to statements within the transcript for 'specific factual assertions about his conviction—namely, that it was premised on him being the sole shooter.'  [Citing *Patton*.]."  (*Rodriguez*, *supra*, 117 Cal.App.5th at p. 1193.)  According to *Rodriguez*, the trial court may consult the preliminary hearing transcript at the prima facie stage, including hearsay statements made by police officers, "as an issue-framing device."  (*Ibid.*)

We agree with the reasoning of *Rodriguez* and its application of *Patton*.  Applying *Rodriguez*, we discern no error in the trial court's denial of Delgado's petition.  At the preliminary hearing, although the victim did not testify, investigating officer Steven Velasquez testified that he interviewed the victim, who identified Delgado as the sole person who shot at him.  Nothing in the preliminary hearing suggests that anyone other than Delgado shot at the victim.

Delgado argues that his case is factually distinguishable from *Rodriguez* and *Patton* because "there were two perpetrators and it cannot be determined, as a matter of law, that [Delgado] was the shooter."  We are unpersuaded.  Although it is true the preliminary hearing testimony indicates Delgado was accompanied by a fellow gang member, nothing in the record

suggests that other individual shot at the victim or that Delgado claimed the other individual was the shooter.  In other words, Delgado's case is analogous to *Rodriguez* and *Patton* in that the preliminary hearing, when used as an issue-framing device, demonstrates as a matter of law that Delgado pleaded no contest to attempted murder based on the theory that he was the sole shooter.  (*Rodriguez*, *supra*, 117 Cal.App.5th at p. 1193; *Patton*, *supra*, 17 Cal.5th at p. 569.)  Accordingly, following *Rodriguez*, we affirm the trial court's order denying Delgado relief.

Citing *Patton* in his reply brief, Delgado argues that if this court were to affirm the order denying him relief, the appropriate disposition would be to remand the case to the trial court with directions to consider an amended petition should he seek to file one.  We agree with Delgado that a limited remand is appropriate.  In *Patton*, the petitioner asked for leave at oral argument to be able to plead additional facts on remand in support of his petition.  (*Patton*, *supra*, 17 Cal.5th at p. 569.)  "[O]ut of an abundance of caution" the Supreme Court ordered a remand to the superior court with directions for the superior court to consider an amended petition if the petitioner asked leave to file one.  (*Id.* at pp. 569-570.)  Consistent with *Patton*, and in an abundance of caution, we remand the matter to the trial court with directions for that court to consider an amended petition should Delgado, within 30 days of that remand, seek to file one.  We express no opinion on the viability of any additional facts Delgado might allege in his amended petition.  We otherwise affirm the trial court's order.

## DISPOSITION

We remand the matter to the trial court with directions to consider an amended petition should Delgado seek to file one

6

within 30 days of the issuance of the remittitur.  We otherwise affirm the trial court's order denying Delgado's petition for resentencing pursuant to section 1172.6.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                              TAMZARIAN, J.

We concur:


ZUKIN, P. J.


MORI, J.

7